IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-19-353 |
| DANTE TYLER-EL, | * | |
| Defendant. | * | |

**MEMORANDUM**

Dante Tyler-El is serving a 150-month sentence in federal prison for carjacking and using, carrying, and brandishing a firearm during and in relation to a crime of violence. ECF 50. He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.     Background**

On June 5, 2019, Tyler-El "went on a crime spree that included three armed robberies" and a carjacking. ECF 27-1, at 1. While brandishing a firearm, Tyler-El forced a victim at a gas station to give him cash and credit cards, forced another victim in front of an apartment building to give him cash, and forced yet another victim in a parked car to give him cash. *Id*. He handcuffed the victim, forced her into the backseat, placed his knee on her back to restrain her, struck her in the face with the pistol, and then drove her car, with her still in the backseat, before he fled from the car. *Id.*

On February 25, 2020, Tyler-El pled guilty to Counts One and Two of the Indictment, charging him with carjacking, in violation of 18 U.S.C. § 2119 and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 1, 26. On May 20, 2020, Tyler-El was sentenced to 66 months' imprisonment on Count One and a consecutive term of 84 months' imprisonment on Count Two, for a total term of 150 months' imprisonment, followed by five years of supervised release. ECF 50.

On December 30, 2021, Tyler-El filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he was concerned about health risks due to COVID-19. ECF 70. Tyler-El supplemented the motion on January 6, 2022. ECF 72. The government responded that Tyler-El did not exhaust his administrative remedies before filing the motion, has not shown extraordinary and compelling reasons for his release, and should not be released due to the "nature and severity of the instant offense, [his] lengthy criminal history and conduct while in prison, and the fact that [he] has only served a small portion of his sentence." ECF 78, at 4.

Tyler-El filed another supplement, a reply, and two additional supplements, ECF 82, 86, 88, 91. In his supplements, he continued to raise COVID-19 health concerns, and he advanced new arguments that prison conditions are poor, he has been rehabilitated, and he desires a second chance. On April 24 and October 31, 2023, he supplemented the motion again, asking to be released because inmates are not treated well in prison and he believes he has been rehabilitated. ECF 101, 103. On January 2, 2024, Tyler-El filed another compassionate release motion in which he argued that he should be released because the government failed to prove one element of the carjacking count and because the robbery charges should have been brought in state court. ECF 104.[1] On January 12, 2024, he supplemented the motion, asking to be released because his parents and son passed away and his daughter was shot, prison conditions are poor, and he desires a second chance. ECF 106. He also asked for a copy of the docket sheet. ECF 104. On January 23, the Court received a letter from Tyler-El's aunt, asking for his release so that he may care for her following her surgery scheduled for January 26, 2024. Because Tyler-El has not shown extraordinary and

---

[1] The Court did not order the government to respond to the January 2024 compassionate release motion.

compelling reasons for a sentence reduction, his requests for relief in ECF 70, 72, 82, 88, 91, 101, 103, 104, and 106 are denied. His aunt's letter, which cannot be returned to her because the return address portion of the envelope was missing when the Court received it, shall be mailed to Tyler-El, along with a copy of the docket sheet and this memorandum.

## II.     Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

### A.  Administrative Exhaustion

Before a prisoner may file a motion for compassionate release, the prisoner must ask "the Bureau of Prisons to bring a motion on [their] behalf" and then either exhaust their administrative remedies or wait until 30 days have lapsed "from the receipt of such a request by the warden of [their] facility." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) "does not require issue exhaustion." *Ferguson*, 55 F.4th at 269.

Before Tyler-El filed his December 30, 2021 motion and his January 6, 2022 supplement, he had not asked the Bureau of Prisons to act on his behalf. Ten days after he filed the motion, Tyler-El emailed a request for compassionate release to prison staff, which was forwarded to the warden of his facility on January 11, 2022. ECF 78-2. The warden denied the request on January

14, 2022. ECF 78-3. After that, Tyler-El supplemented his compassionate release motion on June 2, July 8, and August 5, 2022, and April 24 and October 31, 2023, and he filed a second motion for compassionate release on January 2, 2024, which he supplemented on January 12, 2024. The Court will consider the grounds for relief that Tyler-El raised after the warden denied his request. They are: (1) health concerns due to COVID-19, (2) prison conditions, (3) rehabilitation, (4) the government failed to prove each element of the carjacking count, and (5) the robbery charges should have been brought in state court.

### B. Extraordinary and Compelling Reasons

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons

described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Tyler-El has not identified extraordinary and compelling reasons for a reduction in sentence. When he filed his motion for compassionate release, he was in his mid-50s and had been vaccinated against COVID-19. He does not contend he has a medical condition that increases his risk of contracting a severe illness due to COVID-19. He states that his parents and his son have passed away and his daughter was shot. ECF 103, 106. These family tragedies are terrible, but they are not an extraordinary or compelling reason for a sentence reduction. Tyler-El's complaints about prison conditions and his rehabilitation also are not extraordinary or compelling reasons for compassionate release. U.S.S.G. § 1B1.13(d) (providing "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement").

Tyler-El also seeks release because, he contends, the government failed to prove each element of the carjacking count and the robbery charges should have been brought in state court. These are collateral attacks on his conviction, not grounds for compassionate release. "[A] compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). Such challenges "must be brought via § 2255." *Id.* at 271. True, a change in sentencing law may warrant a sentence

reduction under § 3582(c)(1)(A) "to conform to that change." *Ferguson*, 55 F.4th at 271 (citing *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020)). But Tyler-El has not identified a change in sentencing law. Therefore, the Court cannot grant compassionate release on these grounds.

### C.  Section 3553(a) Factors

Even if Tyler-El had identified extraordinary and compelling reasons for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Tyler-El's extensive criminal history and the violent nature of his crimes—multiple robberies and a carjacking involving a physical assault—convince the Court that he remains a danger to the community. These factors weigh against a sentence reduction. Therefore, the Court denies Tyler-El's requests for compassionate release in ECF 70, 72, 82, 88, 91, 101, 103, 104, and 106.

## III.  Conclusion

Because Tyler-El has not shown extraordinary and compelling reasons for a sentence reduction, his requests for compassionate release are denied. His aunt's letter shall be mailed to Tyler-El, along with a copy of the docket sheet, this memorandum, and the Order denying his requests.

 April 2, 2024  
 Date

_____  
Deborah L. Boardman  
United States District Judge